UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAIN STREET AMERICA ASSURANCE COMPANY, | : <br> : <br> : Docket No.: 1:20-cv-10206 |
| Plaintiff, | : <br> : |
| V. | : <br> : |
| ROBERT FREDERICKS, <br> FREDERICKS CONTRUCTION, LLC, <br> JOSEPH ROTONDI, and <br> GAIL ROTONDI, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

# COMPLAINT

## PARTIES

1. The plaintiff, Main Street America Assurance Company ("MSA"), is an insurance company with a principal place of business in Jacksonville, Florida.

2. The defendant, Robert Fredericks, is an individual who resides in Braintree, Massachusetts.

3. The defendant, Fredericks Construction, LLC, is or was a Massachusetts Limited Liability Company with a principal place of business in Braintree, Massachusetts.

4. The defendant, Joseph Rotondi, is an individual who resides in Braintree, Massachusetts.

5. The defendant, Gail Rotondi, is an individual who resides in Braintree, Massachusetts.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201 in which the plaintiff seeks a declaration of the MSA Policy.

7. Upon information and belief, the amount in controversy exceeds $75,000.000, exclusive of interest and costs.

1

8. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that MSA and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTS

**The Barnstable Action**

10. Joseph Rotondi and Gail Rotondi ("the Rotondis") filed a Complaint in Barnstable Superior Court against Fredericks Construction, LLC asserting claims as a result of certain construction work performed at the Rotondis' property located at 76 Holly Ridge Drive, Sandwich, Massachusetts ("the Property").  The Complaint is captioned *Joseph Rotondi and Gail Rotondi vs. Fredericks Construction, LLC, Barnstable Superior Court, Civil Action No. 1572CV00606* ("the Barnstable Action").

11. A copy of the Complaint from the Barnstable Action is attached as **Exhibit 1.**

12. The Rotondis filed the Barnstable Action against Fredericks Construction, LLC on or about November 23, 2015.

13. Fredericks Construction, LLC was served with the Complaint and Summons in the Barnstable Action on or about December 2, 2015.

14. Fredericks Construction, LLC was defaulted in the Barnstable Action on or about December 29, 2015.

15. The Court in the Barnstable Action entered Judgment By Default Upon Assessment of Damages pursuant to Mass. R. Civ. P. 55(b)(2) on October 24, 2016 in the amount of $91,390.45.

16. A copy of the Judgment By Default Upon Assessment of Damages from the Barnstable Action is attached as **Exhibit 2**.

17. The damages awarded in the Barnstable Action were for work and labor by Fredericks Construction, LLC which was deficient, defective, and/or in need of remediation or repair.

18. The Court found in the Barnstable Action found that Fredericks Construction, LLC breached its contract with the Rotondis by not fulfilling its obligations under the contract and by abandoning the project.

19. The Court found in the Barnstable Action that Fredericks Construction, LLC's actions were unfair and deceptive conduct.

20. As a result of Fredericks Construction, LLC's bad faith, the Court in the Barnstable Action awarded double damages and attorney's fees and costs.

21. MSA first received notice of the claims against Fredericks Construction, LLC, the Barnstable Action, and the Judgment By Default Upon Assessment of Damages on or about October 28, 2018.

**The Norfolk Action**

22. The Rotondis filed a Complaint in Barnstable Superior Court against Robert Fredericks d/b/a Fredericks Construction asserting claims as a result of the same construction work performed at the Property which was the subject of the Barnstable Action. The Complaint is captioned *Joseph Rotondi and Gail Rotondi vs. Robert Fredericks d/b/a*

*Fredericks Construction, Norfolk Superior Court, Civil Action No. 18-0765* ("the Norfolk Action").

23. A copy of the Complaint from the Norfolk Action is attached as **Exhibit 3**.

24. With exception of the change of the defendant from Fredericks Construction, LLC to Robert Fredericks d/b/a Fredericks Construction, the Complaint in the Norfolk Action asserts identical claims and seeks identical damages to those asserted and sought in the Barnstable Action.

25. MSA is defending Robert Fredericks in the Norfolk Action subject to a reservation of MSA's rights to disclaim liability under the policy.

26. Upon information and belief, Robert Fredericks has failed to cooperate in the defense of the Norfolk Action.

**The MSA Policy**

27. MSA issued Policy No. MPT4510P to Robert Fredericks a/k/a Fredericks Construction, LLC for the policy period July 28, 2014 to July 28, 2015 ("the MSA Policy").

28. The MSA Policy provides, in part, as follows under Section II—Liability:

    **A. Coverages**

    **1. Business Liability**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply…

    …

    b. This insurance applies:

    (1) To "bodily injury" and "property damage" only if:

        (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (b) The "bodily injury" or "property damage" occurs during the policy period; and

        (c) Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

    …

  **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

  **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to use or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

29. The MSA policy defines "bodily injury" to include "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

5

30. The term "property damage" is defined in the MSA policy as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured."

31. The MSA policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

32. Section II of the MSA Policy provides, in part, as follows:

   **B. Exclusions**

   **1. Applicable to Business Liability Coverage**

   This insurance does not apply to:

   …

   **k. Damage To Property**

   "Property damage" to:

   (1) …

   (2) …

   (3) …

   (4) …

   (5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

   …

   Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

   Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

…

**m. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it an included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**n. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

33. The MSA Policy defines "impaired property" as "tangible property, other than 'your product' or 'your work', that cannot be used or is less useful because:

    a. It incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous; or

    b. You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by:

    **(1)** The repair, replacement, adjustment or removal of 'your product' or 'your work'; or

    **(2)** Your fulfilling the terms of the contract or agreement."

34. The MSA Policy defines "products-completed operations hazard" as follows:

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

7

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

35. The term "your work" is defined by the MSA Policy as follows:

"Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

36. Section II of the MSA Policy provides, in part, as follows:

**E. Liability And Medical Expenses General Conditions**

…

   **2. Duties In The Event Of Occurrence, Offense, Claim or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2) Authorize us to obtain records and other information;

   (3) Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

   …

37. The MSA Policy also includes the FUNGI OR BACTERIA EXCLUSION (LIABIILITY) endorsement which provides as follows:

The following provisions are added to **Section II—Liability**:

**A.** The following exclusion is added to Paragraph **B. 1., Exclusions-Applicable to Business Liability Coverage**:

**t. Fungi or Bacteria**

**(1)** "Bodily injury," "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause or event, material or product contributed concurrently or in any sequence to such injury or damage.

(2) Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing treating, detoxifying, neutralizing, remediating or disposing of, or in any responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following definition is added Paragraph F. Liability And Medical Expenses Definitions:

1. "Fungi" means any type or form of fungus, including mold or mildew and any myotoxins, spores, scents or by-products produced or released by fungi.

## COUNT I

38. The plaintiff, MSA, repeats and realleges the allegations set forth in all prior paragraphs and incorporates them herein.

39. Fredericks Construction, LLC failed to provide notice of the Barnstable Action to MSA as required by the MSA Policy.

40. Fredericks Construction, LLC failed to "immediately send (MSA) copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'" in the Barnstable Action.

41. Fredericks Construction, LLC failed to "notify (MSA) as soon as practicable" when the Barnstable Action was brought against Fredericks Construction, LLC.

42. Fredericks Construction, LLC also failed to provide MSA with "written notice of the claim or 'suit' as soon as practicable" in connection with the Barnstable Action.

43. As a result of Fredericks Construction, LLC's failure to comply with the MSA Policy provisions and his failure to provide timely notice, MSA has been prejudiced.

44. By reason of Fredericks Construction, LLC's breach of the MSA Policy provisions, the MSA Policy does not afford coverage with respect to the claims asserted by and damages awarded to the Rotondis in the Barnstable Action.

45. The damages claimed by and awarded to the Rotondis against Fredericks Construction, LLC in the Barnstable Action are not property damage caused by an occurrence within the meaning and coverage of the MSA Policy.

46. The damages claimed by and awarded to the Rotondis against Fredericks Construction, LLC in the Barnstable Action are excluded by the terms of the MSA Policy.

47. The Rotondis' claims and the damages awarded against Fredericks Construction, LLC in the Barnstable Action are not covered by the MSA Policy

48. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein and with respect to the application of the terms, conditions, and exclusions of the policy to the claims asserted in the Barnstable Action.

49. By reason of the MSA Policy terms, provisions, and conditions, MSA has no duty to indemnify Fredericks Construction, LLC with respect to the claims and damages awarded in the Barnstable Action.

## COUNT II

50. The plaintiff, MSA, repeats and realleges the allegations set forth in all prior paragraphs and incorporates them herein.

51. The damages claimed by and awarded to the Rotondis against Robert Fredericks in the Norfolk Action are not property damage caused by an occurrence within the meaning and coverage of the MSA Policy.

52. The damages claimed by the Rotondis against Robert Fredericks in the Norfolk Action are excluded by the terms of the MSA Policy.

53. The Rotondis' claims and the damages alleged against Robert Fredericks in the Norfolk Action are not covered by the MSA Policy.

54. As a result of Robert Fredericks failure to comply with the MSA Policy provisions and his failure to cooperate in the defense of the Norfolk Action, MSA has been prejudiced

55. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein and with respect to the application of the terms, conditions, and exclusions of the MSA Policy to the claims asserted in the Norfolk Action.

56. By reason of the MSA Policy terms, provisions, and conditions, MSA has no duty to indemnify or otherwise afford coverage to Robert Frederick with respect to the claims and damages sought in the Norfolk Action.

WHEREFORE, the plaintiff, Main Street America Assurance Company, seeks a judgment:

A. Declaring that the MSA Policy does not cover the claims asserted by and damages awarded in the Barnstable Action;

B. Declaring that Fredericks Construction, LLC is not entitled to coverage for the claims asserted by and damages awarded to the Rotondis in the Barnstable Action;

C. Declaring that Fredericks Construction, LLC is not entitled to coverage for indemnification under the MSA Policy for the claims asserted by and damages awarded to the Rotondis in the Barnstable Action;

D. Declaring that Fredericks Construction, LLC breached the MSA Policy provisions by failing to provide timely notice of the Norfolk Action to MSA and that MSA was prejudiced as a result of Fredericks Construction, LLC's breach;

E. Declaring that the MSA Policy does not cover the claims asserted by and damages awarded in the Norfolk Action;

F. Declaring that Robert Fredericks is not entitled to coverage for the claims asserted by and damages awarded to the Rotondis in the Norfolk Action;

G. Declaring that Robert Fredericks is not entitled to coverage for indemnification under the MSA Policy for the claims asserted by and damages awarded to the Rotondis in the Norfolk Action;

H. Declaring that Robert Fredericks breached the MSA Policy provisions by failing to cooperate in the defense of the Norfolk Action and that MSA was prejudiced as a result of Robert Fredericks' breach

I. Awarding any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff, Main Street America Assurance Company, hereby demands a jury trial.

        Plaintiff,
        MAIN STREET AMERICA ASSURANCE COMPANY,
        By Its Attorneys:

        */s/ Scott T. Ober*
        _____
        Scott T. Ober, Esquire (#567666)
        sober@hassettanddonnelly.com
        Hassett & Donnelly, P.C.
        446 Main Street, 12th Floor
        Worcester, MA  01609
        (508) 791-6287